1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTO RIOS-VIZCARRA,**<br><br>Petitioner,<br><br>v.<br><br>**MICHAEL L. BENOV,**<br><br>Respondent. | Case No. 1:14-cv-00875 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on June 9, 2014. He is currently incarcerated at Taft Correctional Institution. Petitioner claims arise from his February 24, 2004 conviction in the Eastern District of California. Petitioner was found guilty of conspiracy to distribute heroin and methamphetamine in violation of 21 U.S.C. §§ 841, 846, and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). See United States v. Vizcarra, 2010 U.S. Dist. LEXIS 108420 (E.D. Cal. Oct. 8, 2010). Petitioner was sentenced to imprisonment in the custody of the U.S. Bureau of Prisons for 240 months. Id. Presently, Petitioner argues that he actually innocent of the offense because he does not qualify as a career offender under the Armed Career

1

1     Criminal Act. (<u>See</u> <u>generally</u> Pet.)

2     **I.**    <u>**SCREENING THE PETITION**</u>

3        Because the petition was filed after April 24, 1996, the effective date of the

4 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the

5 petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484,

6 1499 (9th Cir. 1997).

7        The Rules Governing Section 2254 Cases in the United States District Courts

8 (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28

9 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

10 preliminary review of each petition for writ of habeas corpus. The Court must summarily

11 dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that

12 the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v.</u>

13 <u>Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490

14 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

15 available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

16 relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

17 point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

18 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S.

19 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably

20 incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

21        Further, the Court may dismiss a petition for writ of habeas corpus either on its

22 own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or

23 after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

24 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

25     **II.**    <u>**JURISDICTION**</u>

26        A federal prisoner who wishes to challenge the validity or constitutionality of his

27 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

28 sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.

1   1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

2   may not collaterally attack a federal conviction or sentence by way of a petition for a writ

3   of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861,

4   865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be

5   filed under § 2255 in the sentencing court, while petitions that challenge the manner,

6   location, or conditions of a sentence's execution must be brought pursuant to § 2241 in

7   the custodial court."); Tripati, 843 F.2d at 1162.

8       In contrast, a federal prisoner challenging the manner, location, or conditions of

9   that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.

10  § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and

11  constitutionality of his conviction. Therefore, the appropriate procedure would be to file a

12  motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

13      The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

14  authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

15  motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

16  Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

17  519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

18  § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

19  ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

20  motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.

21  1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

22  inadequate). The burden is on the petitioner to show that the remedy is inadequate or

23  ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

24      The Ninth Circuit has also "held that a § 2241 petition is available under the

25  'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and

26  (2) has not had an 'unobstructed procedural shot' at presenting that claim.  Stephens v.

27  Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

28      Petitioner fails to meet either of these requirements. In this case, Petitioner is

3

1    challenging the validity and constitutionality of his federal sentence imposed by a federal

2    court, rather than an error in the administration of his sentence. Therefore, the

3    appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing

4    court, not a habeas petition pursuant to § 2241 in this Court.

5         Petitioner did not lack an unobstructed opportunity to present his claims in his §

6    2255 motion. After conviction, Petitioner sought direct appeal to the Ninth Circuit. The

7    appeal was denied on December 11, 2006. United States v. Vizcarra, 210 Fed. Appx.

8    670, 671 (9th Cir. 2006). Petitioner then moved to vacate, set aside, or correct his

9    federal sentence pursuant to 28 U.S.C. § 2255 asserting that he received ineffective

10   assistance of counsel. The Court adopted the recommendation of the Magistrate Judge

11   to deny the motion on September 8, 2010. See United States v. Vizcarra, 2010 U.S. Dist.

12   LEXIS 93241 (E.D. Cal. Sept. 8, 2010); United States v. Vizcarra, 2010 U.S. Dist. LEXIS

13   77537 (E.D. Cal. July 31, 2010). Accordingly, Petitioner had the opportunity to file a first

14   § 2255 motion, and has presented no reason why he has not attempted to file a second

15   § 2255 motion presenting the instant claims.

16        While Petitioner states that he is actually innocent of the offense, Petitioner has

17   not presented a case of factual innocence. Instead, Petitioner argues that his prior

18   crimes that the district court found to be predicate offenses under the Armed Career

19   Criminal Act no longer qualify and he should not have been considered a career

20   offender. (See Pet.) Petitioner's argument that he should not be treated as a career

21   offender is a purely legal claim that has nothing to do with factual innocence.

22   Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of

23   qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d

24   1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

25        Moreover, even if Petitioner had an unobstructed procedural shot to challenge the

26   finding by the district judge that he was a career offender, his claim would fail. Petitioner

27   argues that Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013),

28   demonstrates that he is not a career offender because his prior offenses should not

4

serve as predicate offenses. (See, Pet.) In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id. at 2282. Even assuming Descamps assists Petitioner, the Supreme Court has not made its holding retroactive. See Jones v. McGrew, 2014 WL 2002245 at *5 (C.D. Cal. May 15, 2014) ("Petitioner cannot maintain that Descamps effected a material change in the applicable law; the Descamps Court clearly communicated its believe that its ruling in the was "dictated" by existing precedent." (citation omitted); Wilson v. Holland, 2014 WL 517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . Descamps that the Supreme Court made those holdings retroactive to cases on collateral review"); Groves v. United States, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Monroe v. U.S., 2013 WL 6199955, *2 (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [Descamps] applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that Descamps announced a new rule of law. According to Descamps, Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." 133 S. Ct. at 2283. "Under our prior decisions, the inquiry is over." Id. at 2286. Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III. **CERTIFICATE OF APPEALABILITY**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the

1   validity of a warrant to remove to another district or place for commitment or trial a
    person charged with a criminal offense against the United States, or to test the
2   validity of such person's detention pending removal proceedings.

3       (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
                 appeal may not be taken to the court of appeals from–

4                    (A) the final order in a habeas corpus proceeding in which the
                     detention complained of arises out of process issued by a State
5                    court; or

6                    (B) the final order in a proceeding under section 2255.

7                (2) A certificate of appealability may issue under paragraph (1) only if the
                 applicant has made a substantial showing of the denial of a constitutional
8                right.

9                (3) The certificate of appealability under paragraph (1) shall indicate which
                 specific issue or issues satisfy the showing required by paragraph (2).
10

11          If a court denies a petition, the court may only issue a certificate of appealability "if

12   jurists of reason could disagree with the district court's resolution of his constitutional

13   claims or that jurists could conclude the issues presented are adequate to deserve

14   encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529

15   U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case,

16   he must demonstrate "something more than the absence of frivolity or the existence of

17   mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

18          In the present case, reasonable jurists would not find to be debatable or wrong

19   the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor

20   would they find petitioner deserving of encouragement to proceed further.  Petitioner has

21   not made the required substantial showing of the denial of a constitutional right.

22   Accordingly, the Court hereby declines to issue a certificate of appealability.

23   **IV.    RECOMMENDATION**

24          Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ

25   of habeas corpus be DISMISSED.

26          These Findings and Recommendations are submitted to the assigned United

27   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

28   and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 25, 2014                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE